**FILED**

**PICILLO CARUSO**
371 Franklin Avenue
Post Office Box 570
Nutley, New Jersey 07110
(973)667-8100
Attorneys for Defendant, Kurt Schwindell (improperly named as Kurt Swindell)

**JUN** 1/5/01

**AT 8:30**_____M
**WILLIAM T. WALSH, CLERK**

BY: _____
        PATRICK P. TOSCANO, JR. (9415)

---

| | |
|---|---|
| SHARONDA QUALLS, individually and as Guardian Ad Litem for her two infant children, LAWRENCE QUALLS and FATIESHA QUALLS,<br><br>Plaintiff(s),<br><br>vs.<br><br>CITY OF NEWARK, KURT SWINDELL, individually and in his capacity as Detective in the Essex County Prosecutor's Office, NEWARK POLICE DEPARTMENT, WILLIE THOMAS, individually and in his capacity as an Officer in the Newark Police Department, STEPHANIE TREADWELL, individually and in her capacity as an Officer of the Newark Police Department, DARYL STRICKLAND, individually and in his capacity as an Officer of the Newark Police Department, JOHN DOE(S) 1-20 (fictitious names) and ABC PUBLIC ENTITY,<br><br>Defendant(s). | IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.:<br><br>01-CV- 2860 (NHP)<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that the undersigned attorneys for defendant, Kurt Schwindell, petition this Honorable Court for an order pursuant to 28 U.S.C. § 1441, et. seq., removing to the United States District Court, District of New Jersey, a matter instituted in the Superior Court of New Jersey, Law Division, Essex County, bearing docket number ESX-L-4382-01.

**PLEASE TAKE FURTHER NOTICE** that in support of the within notice of removal, Kurt Schwindell shall rely upon the certification of counsel and exhibits annexed thereto.

**PLEASE TAKE FURTHER NOTICE** that a copy of the within notice of removal and supporting certification of counsel have been filed with the clerk of the Superior Court of New Jersey, Essex County, thereby effecting removal pursuant to 28 U.S.C. § 1446(b).

**PLEASE TAKE FURTHER NOTICE** that by effecting removal of this civil action, Kurt Schwindell reserves all rights to raise any and all defenses available to him, without limitation.

**PICILLO CARUSO**
Attorneys for defendant, Kurt Schwindell

BY: _____
PATRICK P. TOSCANO, JR. (9415)

Dated: June 14, 2001

**PICILLO CARUSO**
371 Franklin Avenue
Post Office Box 570
Nutley, New Jersey 07110
(973)667-8100
Attorneys for Defendant, Kurt Schwindell (improperly named as Kurt Swindell)



BY: _____
          PATRICK P. TOSCANO, JR. (9415)

| | |
|---|---|
| **SHARONDA QUALLS, individually and as Guardian Ad Litem for her two infant children, LAWRENCE QUALLS and FATIESHA QUALLS,** | IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.: |
| **Plaintiff(s),** | |
| **vs.** | **CERTIFICATION OF COUNSEL** |
| **CITY OF NEWARK, KURT SWINDELL,** individually and in his capacity as Detective in the Essex County Prosecutor's Office, **NEWARK POLICE DEPARTMENT, WILLIE THOMAS,** individually and in his capacity as an Officer in the Newark Police Department, **STEPHANIE TREADWELL,** individually and in her capacity as an Officer of the Newark Police Department, **DARYL STRICKLAND,** individually and in his capacity as an Officer of the Newark Police Department, **JOHN DOE(S) 1-20** (fictitious names) and **ABC PUBLIC ENTITY,** | |
| **Defendant(s).** | |

        I, **PATRICK P. TOSCANO, JR.**, of full age, being duly sworn according to law

and upon my oath, depose and say:

        1.        I am an attorney at law of the State of New Jersey and am an a member of

the firm of Picillo Caruso, P.C., attorneys for defendant Kurt Schwindell, in connection

with the above matter.  As such, I am fully familiar with the facts and circumstances set

forth herein and am authorized to submit this certification pursuant to 28 U.S.C. §
1446(a) providing a short and plain statement of the grounds for removal.

2.      On May 14, 2001, plaintiffs filed a complaint in the Superior Court of
New Jersey, Essex County, bearing docket number ESX-L-4382-01. Annexed hereto as
Exhibit A is a copy of the complaint and summons, which constitutes all process,
pleadings, and/or orders served upon and/or received by Kurt Schwindell to date within
the meaning and intent of 28 U.S.C. § 1446.

3.      On June 11, 2001 Kurt Schwindell received the summons and complaint.
This was the first knowledge Kurt Schwindell had of the institution of suit and the basis
for removal of this action. Removal is therefore timely under 28 U.S.C. § 1446(b) in that
the filing of the within petition occurred within thirty(30) days of service of the summons
and complaint upon Kurt Schwindell.

4.      The Court's review of the complaint will reveal that the plaintiffs allege in
the first count of the complaint that all defendants, including Kurt Schwindell, violated
the plaintiffs' civil rights. The plaintiffs are asserting causes of action pursuant to 42
U.S.C. § 1983, 42 U.S.C. § 1988, 42 U.S.C. § 1985 (2) and 42 U.S.C. § 1986.

5.      This Court maintains original jurisdiction of this action pursuant to 28
U.S.C. § 1331 since the plaintiffs assert causes of action arising under the laws of the
United States, and in particular, 42 U.S.C. § 1983, 42 U.S.C. § 1988, 42 U.S.C. § 1985
(2) and 42 U.S.C. § 1986. This Court maintains supplemental jurisdiction over all the
other causes of action pursuant to 28 U.S.C. § 1367.

6.      For the foregoing reasons, removal is appropriate under and pursuant to 28
U.S.C. § 1441.

I certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing is willfully false, I may be subject to punishment.

**PICILLO CARUSO**
Attorneys for defendant, Kurt Schwindell

BY: _____
PATRICK P. TOSCANO, JR. (9415)

Dated: June 14, 2001

Rand, Algeier, Tosti & Woodruff, P.C.
60 Washington Street
Morristown, NJ 07960
(973) 539-2600
Attorneys for Plaintiff

| | |
|---|---|
| **SHARONDA QUALLS**, individually and as Guardian Ad Litem for her two infant children, **LAWRENCE QUALLS** and **FATIESHA QUALLS.** | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY DOCKET NO: L-4359-01 |
| Plaintiff | CIVIL ACTION |
| v. | SUMMONS |
| **CITY OF NEWARK, KURT SWINDELL,** individually and in his capacity as Detective in the Essex County Prosecutor's Office, **NEWARK POLICE DEPARTMENT, WILLIE THOMAS**, individually and in his capacity as an Officer of the Newark Police Department, **STEPHANIE TREADWELL,** individually and in her capacity as an Officer of the Newark Police Department, **DARYL STRICKLAND**, individually and in his capacity as an Officer of the Newark Police Department, **JOHN DOE(S) 1-20** (fictitious name), and **ABC PUBLIC ENTITY** | |
| Defendants. | |

## THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED in a Civil Action in the Superior Court of New Jersey, instituted by the above named plaintiff(s), and required to serve upon the attorney(s) for the plaintiff(s), whose name and office address appears above, an answer to the annexed complaint within 35 days after the service of the summons and complaint upon you, exclusive of the day of service. If you fail to answer, judgment by default may be rendered against you for the relief demanded in the complaint. You shall promptly file your answer and proof of service thereof in duplicate with the Deputy Clerk of the Superior Court, County of Essex Newark, New Jersey, in accordance with the rules of civil practice and procedure.

If you cannot afford to pay an attorney, call a Legal Service Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a county lawyer referral service. These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey State Bar Association Lawyer Referral Service toll-free 800-792-8315 (within New Jersey) or 201-267-5882 (from out of state). The phone

numbers for the county in which this action is pending are: Lawyer Referral Service, 973-622-7753 (Essex) Legal Service Office.

Dated:

_____
Deputy Clerk Superior Court

Name of defendant to be served:     **DETECTIVE KURT SWINDELL**
**ESSEX COUNTY PROSECUTOR'S OFFICE**
**ESSEX COUNTY COURTS BUILDING**
**50 WEST MARKET STREET**
**NEWARK, NJ 07102**

Address for service:



Rand, Algeier, Tosti & Woodruff, P.C.
60 Washington Street
Morristown, NJ 07960
(973) 539-2600
Attorneys for Plaintiff

| | |
|---|---|
| SHARONDA QUALLS, individually and as Guardian Ad Litem for her two infant children, **LAWRENCE QUALLS** and **FATIESHA QUALLS.** | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY DOCKET NO:  L 4388-01 |
| Plaintiff | CIVIL ACTION |
| v. | **COMPLAINT, JURY DEMAND, DESIGNATION OF COUNSEL CERTIFICATION** |
| CITY OF NEWARK, KURT SWINDELL, individually and in his capacity as Detective in the Essex County Prosecutor's Office, **NEWARK POLICE DEPARTMENT, WILLIE THOMAS,** individually and in his capacity as an Officer of the Newark Police Department, **STEPHANIE TREADWELL,** individually and in her capacity as an Officer of the Newark Police Department, **DARYL STRICKLAND,** individually and in his capacity as an Officer of the Newark Police Department, **JOHN DOE(S) 1-20** (fictitious name), and **ABC PUBLIC ENTITY.** |  |
| Defendants. | |

Plaintiff Sharonda Qualls, individually and as Guardian Ad Litem for her infant

children Lawrence Qualls and Fatiesha Qualls, residing in the City of Newark, County of

Essex, State of New Jersey by way of Complaint against defendant hereby say:

## STATEMENT OF FACTS

1. During the month of May 1999, plaintiff Sharonda Qualls was called to testify on

behalf of the defendant in the matter of <u>State of New Jersey vs. Kareem Coleman</u>, Essex

County Indictment No 98-07-3074. This was a homicide trial before the Honorable Michael

J. Casale, J.S.C.

2. Ms. Qualls was to provide testimony possibly helpful to the defendant in that it would provide an alibi for the defendant, which if believed by the jury could serve to exonerate the defendant.

3. The Essex County Prosecutor's Office, its agents, the Newark Police Department and its agents who were involved in the matter all knew of the nature of Ms. Qualls testimony and the possible harmful effect it might have on the success of their case.

4. Before testifying Ms. Qualls was sitting in the public area outside Judge Casale's courtroom at the Essex County Courthouse awaiting her turn to appear. During this time defendant Kurt Swindell a Detective in the Essex County Prosecutor's Office, Homicide Bureau, was standing nearby and taking actions intended to intimidate plaintiff.

5. As plaintiff awaited her turn to testify defendant Swindell in a loud voice directed to others, but obviously intended to be heard by plaintiff, indicated that the police were going to "pay Bradley Court a visit" and "knock down some doors". Further, he referred to the inhabitants of Bradley Court (which included plaintiff and her children) as "animals".

6. Plaintiff, realizing that these threats were intended towards her, asked defendant Swindell that if he had anything to say he should do so directly to her face and not in the manner he chose. Defendant Swindell declared that plaintiff should "get out of his face".

7. On or about May 5, 1999, plaintiff Sharonda Qualls did testify on behalf of Kareen Coleman and did provide Coleman with an alibi, which possibly effected the chances of the State obtaining a conviction against Kareem Coleman.

8. On or about May 6, 1999 defendant Willie Thomas of the Newark Police Department Youth Violence Task Force obtained a search warrant for the Newark Housing Authority, Bradley Court Complex, most particularly, Apartment #25 located at 82 North Munn Avenue in Newark. This is the address of plaintiff Sharonda Qualls and her two children Lawrence (then age 11) and Fatiesha (then age 7). The obtaining of this warrant at

2

this time and under the aforementioned circumstances was the result of a conspiracy amongst certain named defendants and unknown John Does all of whom are law enforcement officers. Based upon the circumstances it is reasonably believed that the affidavit supporting said warrant contained false and misleading factual information and that the warrant would not have been issued but for such false information. Further, buttressing this position is the fact that representative of the Newark Police Department have indicated that they have no records of this event. Such is indicative of a continuing conspiracy to obstruct justice and deny plaintiffs their rights.

9. Following Ms. Qualls testimony and prior to the jury's verdict defendant Kurt Swindell again within close proximity of plaintiff did indicate that law enforcement authorities would be paying a visit to Bradley Court and "break down some doors".

10. On or about May 12, 1999, the jury in the matter of State of New Jersey vs. Kareem Coleman indicated that they could not reach a verdict; therefore, the Court declared a mistrial.

11. On or about Friday, May 14, 1999, at 5:30 a.m. less than forty-eight (48) hours of the mistrial, approximately ten to twenty law enforcement officers, primarily from the Newark Police Department, broke into plaintiff Sharonda Qualls' apartment in the Bradley Complex, with guns drawn, on the basis of the apparent warrant, signed eight days earlier. This is yet another example of continuing acts of conspiracy amongst defendants.

12. The John Doe defendants (1-20) are fictitious defendants, whose true identities are unknown, but who were present during the May 14, 1999 raid on plaintiffs' house and supervisory law enforcement officers who authorized or acquiesced to that raid.

13. ABC Public Entity is a fictitious entity whose identity is unknown but whose actions or inaction in supervising or directing individuals under their command may have impacted the complaint set forth herein.

3

14. At that time plaintiff Sharonda Qualls and her daughter (age 7) were sleeping in one of the bedrooms. Her son (age 12) was sleeping in another bedroom and Sharonda's cousin Rashene Jones, together with her six-year-old son (Gareth) were sleeping in yet another bedroom.

15. In entering the premises the defendants failed to knock and announce their presence and did push the door off its hinges. Defendants' search far exceeded that authorized by the apparent warrant and any alleged probable cause was stale.

16. Plaintiff Sharonda Qualls awoke at the sound of the breaking door and fearing for her son and clad only in a sheet went towards her son's room. As she got to the door she observed law enforcement officers punching and kicking her son Lawrence. They also threw the mattress from his bed together with the box spring and emptied his closet. They then handcuffed him and placed him in a chair.

17. Meanwhile, Sharonda Qualls was told to go back into her room where various law enforcement officers accosted her. She continually protested what was occurring and asked the reason for their presence. At or about that time an officer showed plaintiff a warrant. He then claimed that if they found any drugs in the house that she would be locked up and her children turned over to "DYFS". Plaintiff continually stated that she had no drugs.

18. In the meantime, defendant Stephanie Treadwell, a Newark Police Officer came into the room and requested plaintiff Sharonda Qualls to get up and drop the sheet so she could be searched. Ms. Qualls protested the presence of male officers and her request to do this procedure in the bathroom went unheeded. Her daughter was present, all the while crying and cowering from the police. At that time Ms. Qualls following instructions dropped the sheet exposing herself to Officer Treadwell and the male officers. She was asked to remove her last piece of clothing, her underpants. She objected indicating that she was menstruating. Nevertheless she was ordered to do so and complied. Whereupon defendant Treadwell

4

removed plaintiff's sanitary pad put on a plastic glove and placed her finger in Sharonda Qualls' vagina. Upon removing her finger she declared that plaintiff had nothing on her. In addition, she placed her hands over plaintiff's body and looked under her breasts. Ms. Qualls' humiliation took place in front of her own daughter and male police officers.

19. Following the incident, plaintiff Sharonda Qualls and her seven-year-old daughter were both handcuffed and brought in to the living room where her cousin and her cousin's son joined them, also handcuffed. Meanwhile, Sharonda Quall's son, Lawrence remained with police in his room where officers were beating him.

20. Throughout this time, other defendants (John Does) were ransacking plaintiff's apartment destroying and overturning furniture, removing items from the refrigerator and throwing the contents about the apartment, stealing money and plane tickets and generally running roughshod about the premises.

21. Right after the officers left, Lawrence Qualls emerged from his bedroom with a badly swollen eye, which required medical assistance at Newark Beth Israel. Both minor children required assistance from mental health professionals.

22. Plaintiff, Sharonda Qualls followed some of the last defendants to leave and while outside the apartment in a hallway one of the defendants stated words to the effect that "I bet you won't go and testify at the next trial".

23. Plaintiff was not given a property inventory list. Defendant either intentionally failed to prepare ordinary reports and other documents relating to this raid or destroyed same.

24. Throughout this incident, defendants pointed weapons at the plaintiffs.

25. Shortly thereafter plaintiff with the help of family members cleaned up her apartment, attended to her children and then at the direction of friends and family proceeded to the Newark Police Department Internal Affairs and spoke with a Detective Miranda (sp). She was accompanied by family members. They were advised that the office knew nothing of

5

the search warrant or raid. The Detective took their complaint and typed some form of a report. He would not give them a copy. He indicated he would call them back, however no return call was forthcoming.

26. Fearing that the matter would be ignored she then contacted a Newark City Council person in the hopes of receiving assistance. She was placed in contact with Mayor Sharp James' office and as a result met with the Mayor's representative Calvin West. Again, members of plaintiff's family attended this meeting. Also, at that meeting was Joseph Santiago, Police Director of the City of Newark, and a Newark Police Officer, Sgt. Gonzalez. At the conclusion of the meeting, Director Santiago commanded Sgt. Gonzalez to take plaintiff and her family to Internal Affairs to file another report.

27. Once at Internal Affairs, plaintiff and her family were advised that Internal Affairs had no record of her first visit on May 14, 1999. She met with defendant Sgt. Daryl Strickland. During this meeting she was shown photographs, absent names or badge numbers of numerous Newark Police Officers and asked to pick out those she recognized as participating in the raid on her apartment. She also again advised of what transpired at the raid.

28. In fact, plaintiff, Sharonda Qualls did indeed pick out various officers and advised defendant Strickland of their involvement. This process was also conducted with other members of the family who were there at the raid.

29. Defendant Strickland advised that he would contact plaintiff in the near future; however, no such contact occurred. Plaintiff Sharonda Qualls attempted to contact defendant Strickland, however she was advised that he had been reassigned.

30. Seeing that the matter was being ignored, Ms. Qualls sought the assistance of counsel Anthony Mack, Esquire, who in fact accompanied her on yet another visit to Internal Affairs. At this time they met with another Officer Inez Gonzalez who advised them that she

6

had no documents relative to Ms. Qualls and her family's complaints. Again Ms. Qualls related what transpired on May 14, 1999.

31. In the meantime, plaintiff's counsel made efforts to preserve evidence of the search of plaintiff's apartment by seeking a Court Order granting among other things inspection of radio tapes relevant to the event.

32. Further, counsel forwarded a Tort Claims Notice (dated June 16, 1999) to the City of Newark outlining the allegations of plaintiffs as regards the conduct of members of the Newark Police Department.

33. In response to counsel's efforts at examining evidence and getting a response to the Tort Claims Notice, a correspondence was received from First Assistant Corporation Counsel John C. Pidgeon advising that his efforts at investigating same led to his being advised by the Newark Police Department that "no record existed with respect to the incident".

34. Based upon the above series of events, it is quite clear that there has been a concerted effort by members of the Newark Police Department and or other law enforcement agencies and its members to cover-up the events surrounding the execution of the warrant on plaintiff's apartment. Further, the actions of Internal Affairs in failing to investigate, misplacing files and otherwise not performing its duties is part and parcel of a continuing conspiracy, cover-up and ratification of improper and illegal conduct on behalf of its officers and their superiors.

35. The aforementioned events involved an intolerable abuse of power that shocks the conscience. Such an unconstitutional orgy of unique proportions reflects a failure of the Newark Police Department (and/or ABC Public Entity) to properly supervise the officers involved in the raid and those that authorized and acquiesced to it.

7

## FIRST COUNT

### (VIOLATION OF FEDERAL CIVIL RIGHTS)

1.  Plaintiffs repeat each and every allegation of the Statement of Facts as if set forth herein at length.

2.  Defendants violated and conspired to violate and were deliberately indifferent to plaintiffs' rights protected by the First, Fourth and Fourteenth Amendment to the United States Constitution, rendering defendants liable to plaintiffs pursuant to **42 U.S.C. §§ 1983 and 1988**. Plaintiffs' rights to privacy, personal security and seclusion in their home, procedural and substantive due process, freedom of speech, association and assembly, access to the courts and freedom from false imprisonment, false arrest, unreasonable searches and excessive force, liberty and freedom from extreme, intrusive and abusive physical conduct were violated by defendants' wrongdoing.

3.  Defendants conspired to deter plaintiff, Sharonda Qualls, by force, intimidation and threat from appearing as a witness in a legal proceeding and, having power to prevent or aid in preventing the commission of such wrongful acts, failed to do so, in violation of **42 U.S.C. §§ 1985(2) and 1986**.

4.  As a direct result of defendants' wrongful conduct plaintiffs have suffered physical injury and damage to their property, pain and suffering, severe emotional distress and humiliation, economic injury, damage to their reputations and have been otherwise injured.

## SECOND COUNT

### (VIOLATION OF STATE CONSTITUTIONAL RIGHTS)

1.  Plaintiffs repeat each and every allegation contained in the Statement of Facts and First Count as if set forth at length herein.

2.  Defendants violated plaintiffs' rights guaranteed by Article 1, paragraphs 1,6,7 and 18 of the New Jersey Constitution.

8

## THIRD COUNT

## (STATE COMMON LAW CLAIMS)

1. Plaintiffs repeat the allegations contained in the Statement of Facts, First Count and Second Count as if set forth at length herein.

2. Defendants are liable for misrepresentation, fraud, trespass, false arrest and imprisonment, abuse of process, assault and battery, conversion, spoliation of evidence, invasion of plaintiffs' rights to privacy and seclusion in their home and the tort of outrage.

**WHEREFORE**, plaintiffs demand judgment against defendants seeking punitive and compensatory damages, attorneys' fees and costs and other relief, as the Court deems appropriate.

## DEMAND FOR JURY

Plaintiffs hereby demand a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, the Court is hereby advised that Robert B. Woodruff, of the firm Rand, Algeier, Tosti & Woodruff, is hereby designated as trial counsel in the above captioned matter.

## CERTIFICATION

I certify that to the best of my knowledge, information and belief, as follows: there are no parties who should be joined in this action. Additionally, there are no other pending or contemplated proceedings that pertain to this matter.

ROBERT B. WOODRUFF

DATED: May 14, 2001

9



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division - Civil Part pleadings (not motions) under Rule 4:5-1.

Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

| FOR USE BY CLERK'S OFFICE ONLY | | |
|---|---|---|
| PAYMENT TYPE : CK | CG | CA |
| CHG / CK NO. | | |
| AMOUNT : | | |
| OVERPAYMENT : | | |
| BATCH NUMBER : | | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| ROBERT B. WOODRUFF, ESQUIRE | ( 973) 539-2600 | ESSEX |

**FIRM NAME (if applicable)**
RAND, ALGEIER TOSTI & WOODRUFF

**DOCKET NUMBER (When available)**
L - 4382-01

**OFFICE ADDRESS**
60 WASHINGTON STREET
MORRISTOWN, NEW JERSEY  07960

**DOCUMENT TYPE**
COMPLAINT

**JURY DEMAND**
☒ YES    ☐ NO

| NAME OF PARTY (e.g. John Doe, Plaintiff) | CAPTION |
|---|---|
| PLAINTIFF - QUALLS | QUALLS, et. als. vs. CITY OF NEWARK, et. als. |

**CASE TYPE NUMBER** (See reverse side for listing)
OO5

**NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN**
☐ NONE    ☑ UNKNOWN

**RELATED CASES PENDING?**
☐ YES    ☑ NO

**IF YES, LIST DOCKET NUMBERS**

**DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?**
☑ YES    ☐ NO

---

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

A. DO PARTIES HAVE A CURRENT PAST OR RECURRENT RELATIONSHIP?
☐ YES    ☑ NO

IF YES, IS THAT RELATIONSHIP
☐ EMPLOYER - EMPLOYEE    ☐ FRIEND / NEIGHBOR    ☐ OTHER (explain)
☐ FAMILIAL    ☐ BUSINESS

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?
☑ YES    ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

DO YOU OR YOUR CLIENT HAVE ANY NEEDS UNDER THE AMERICANS WITH DISABILITIES ACT?
☐ YES    ☑ NO    IF YES, PLEASE IDENTIFY: _____

WILL AN INTERPRETER BE NEEDED?
☐ YES    ☑ NO    IF YES, FOR WHAT LANGUAGE: _____

**ATTORNEY SIGNATURE**
Robert B Woodruff

DRAFT: March 2000

**PICILLO CARUSO**
371 Franklin Avenue
Post Office Box 570
Nutley, New Jersey 07110
(973)667-8100
Attorneys for Defendant, Kurt Schwindell (improperly named as Kurt Swindell)


BY: _____
       PATRICK P. TOSCANO, JR. (9415)

| | |
|---|---|
| SHARONDA QUALLS, individually and as Guardian Ad Litem for her two infant children, LAWRENCE QUALLS and FATIESHA QUALLS, | IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |

**Plaintiff(s),**

CIVIL ACTION NO.: *01-CV - 2860 (NHP)*

vs.

**CERTIFICATION OF MAILING**

CITY OF NEWARK, **KURT SWINDELL**, individually and in his capacity as Detective in the Essex County Prosecutor's Office, **NEWARK POLICE DEPARTMENT, WILLIE THOMAS,** individually and in his capacity as an Officer in the Newark Police Department, **STEPHANIE TREADWELL,** individually and in her capacity as an Officer of the Newark Police Department, **DARYL STRICKLAND,** individually and in his capacity as an Officer of the Newark Police Department, **JOHN DOE(S) 1-20** (fictitious names) and **ABC PUBLIC ENTITY,**

**Defendant(s).**



I, Jim Flintosh, am employed by the firm of Picillo Caruso, P.C., attorneys for defendant Kurt Schwindell in the within matter.

1.     On June 14, 2001, I forwarded the original and three copies of the within Notice of Removal, Certification of Counsel, Civil Cover Sheet and Certification of Mailing to the Clerk of the United States District Court, District of New Jersey, 50

6

Walnut Street, Newark, New Jersey 07101; two copies to the Clerk of the Superior Court of New Jersey, Law Division, Essex County, 465 Dr. Martin Luther King, Jr. Blvd., Newark, New Jersey 07102; one copy to Robert B. Woodruff, Esq., 60 Washington Street, Morristown, New Jersey 07960; and one copy to the City of Newark Corporation Counsel, 920 Broad Street, Newark, New Jersey 07102; all via lawyers service.

I hereby certify that all of the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_Jim Flintosh_
JIM FLINTOSH

7